CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED

JUN 12 2006

JOHN F. CORCORAN, CLERK
BY:
   DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| JAMIE WELLS, | ) |
|     Plaintiff, | ) Civil Action No. 7:06cv00223 |
| | ) |
| v. | ) **MEMORANDUM OPINION** |
| | ) |
| K.D. MATTERN, et al., | ) |
|     Defendants. | ) By: Samuel G. Wilson |
| | ) United States District Judge |

Plaintiff Jamie Wells, a Virginia inmate proceeding pro se, brings this action pursuant to 42 U.S.C. § 1983, with jurisdiction vested under 28 U.S.C. § 1343. Wells alleges that the defendants have denied him due process and subjected him to cruel and unusual punishment by charging and convicting him on an institutional disciplinary charge, transferring him to another institution before he had an opportunity to appeal his conviction, and subsequently assigning him a higher security classification based on that conviction. As relief, Wells seeks $ 25,000.00 in damages and a transfer to a lower security institution. The court finds that Wells' complaint fails to state a claim upon which relief can be granted and, therefore, dismisses this action without prejudice pursuant to 28 U.S.C. § 1915A(b)(1).

I.

Wells alleges that on March 9, 2004, he was involved in a "fight" with another inmate while housed at the Roanoke City Jail. Wells was subsequently charged and convicted of "Assault on an Inmate" and was sentenced to serve 15 days in isolation. However, the day after his conviction, Wells was transferred to the Sussex I State Prison Receiving Unit and then to the Dillwyn Correctional Center. Officials initially assigned Wells to the general population unit, but approximately three months later during his annual review, officials assigned Wells a higher security classification based on his conviction for assault while incarcerated in the Roanoke City

Jail, and on December 8, 2004, officials transferred him to the Special Housing Unit ("SHU"). Wells remained in the SHU until March 8, 2005, at which point officials released him back to general population. However, on November 17, 2005, again during a regularly scheduled review, officials assigned Wells an even higher security level classification than before and transferred him to the Sussex II State Prison.

In his § 1983 suit, Wells claims that any consideration of his March 2004 conviction for assault is improper because correctional officers failed to comply with established institutional procedures because he was transferred from the Roanoke City Jail before he could appeal his conviction. Wells also claims that his assignment to a segregation unit or to a higher security level institution amounts to cruel and unusual punishment.

## II.

Inmates have limited due process rights during institutional hearings; however, those rights are limited to advanced, written notice of the charges, written findings, and a limited right to call witnesses. See Wolff v. McDonnell, 418 U.S. 539, 563-64 (1974). Wells complains that his transfer from the Roanoke City Jail prevented him from appealing his conviction for a disciplinary infraction; however, he does not claim that jail officials failed to give him notice, written findings, or the right to call witnesses. Thus, even assuming the transfer prevented Wells from appealing,[1] it appears from Wells' complaint that jail officials provided due process. Accordingly, the court finds that Wells' allegations do not make out a procedural due process claim.

Moreover, an inmate is entitled to procedural protections during institutional disciplinary

---

[1] Wells does not allege that he ever attempted to appeal the decision after his transfer or that prison officials hindered his attempts to appeal the decision after he was transferred.

2

hearings only when the loss of statutory good time credits or some other liberty interest is at issue. Id. at 557. Wells does not allege that his conviction resulted in the loss of good conduct time. To the extent Wells claims to have a liberty interest in his security classification and consequential institutional assignment, an inmate does not have a liberty interest in being housed at a particular institution or in avoiding isolation or separation from the general prison population unless the proposed transfer will subject the inmate to exceptionally more onerous living conditions, such as those experienced by inmates at a "Supermax facility." Wilkinson v. Austin, 545 U.S. 209 (2005) (holding that, despite general rule that an interprison transfer does not implicate the Due Process Clause, transfer to a so-called "Supermax" facility at which prisoner would experience exceptionally more onerous conditions did implicate the Due Process Clause); Bevarti, 120 F.3d at 502; Sandin v. Conner, 515 U.S. 472, 484 (1995) (holding that protected liberty interests are generally limited to freedom from restraint which imposes atypical and significant hardship on inmate in relation to ordinary incidents of prison life); Meachum v. Fano, 427 U.S. 215, 224 (1976) (holding that a valid conviction "empower[s] the State to confine [an inmate] in *any* of its prisons") (emphasis in original); Montayne v. Haymes, 427 U.S. 236, 242 (1976) (holding that a mere transfer from one facility to another does not implicate the Due Process Clause, regardless of whether the transfer is the result of the inmate's misbehavior or is punitive in nature); Kennedy v. Blankenship, 100 F.3d 640, 642 n. 2, 643 (8th Cir.1996) (holding that placement in punitive isolation was not atypical and significant deprivation even though prisoner faced restrictions in mail, telephone, visitation, commissary, and personal-possession privileges). Thus, Wells attempt at a procedural due process claim also fails for lack of an underlying protected liberty interest.

### III.

3

Wells also claims that his assignment to a segregation unit and his transfer to a higher security level institution amount to cruel and unusual punishment in violation of the Eighth Amendment. In order to state a claim of constitutional significance regarding prison conditions, a plaintiff must allege, among other things, facts sufficient to show either that he has sustained a serious or significant mental or physical injury as a result of the challenged conditions or that the conditions have created an unreasonable risk of serious damage to his future health. Strickler v. Waters, 989 F.2d 1375, 1380-81 (4th Cir. 1993); Helling v. McKinney, 509 U.S. 25 (1993). Plaintiff claims only that he has lost "privileges" because of his assignments to a segregation unit and higher security level institutions. The imposition of security measures which limit privileges within a particular institution are merely "part of the penalty that criminal offenders pay for their offenses against society"and, therefore, do not state a cognizable claim for relief under the Eighth Amendment. Rhodes v. Chapman, 452 U.S. 337, 347 (1981).

## IV.

For the stated reasons, Wells' claims are dismissed pursuant to § 1915A(b)(1) for failure to state a claim.

**ENTER**: This 12th day of June, 2006.

United States District Judge